# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

TERRANCE D. BROTHERS,

Plaintiff,

v.

DWIGHT NEVEN, R. ARANAS & BRIAN WILLIAMS,

Defendants.

Case No. 2:17-cv-00641-JCM-BNW

**OMNIBUS ORDER**

Presently before the Court are plaintiff Terrance D. Brothers's: motion for issuance of summons (ECF No. 17); motion for production of documents (ECF No. 18); motion to file second amended complaint ("SAC") (ECF No. 23); response to Neven's motion to dismiss (ECF No. 24); and motion for summary judgment (ECF No. 25). Also before the Court are defendant Dwight Neven's: motion to strike ECF No. 18 (ECF No. 22); reply in support of his motion to dismiss (ECF No. 29); and response to Brothers's motion to file a SAC (ECF No. 30).

**I. BACKGROUND**

Brothers filed his application for leave to proceed in forma pauperis on March 1, 2017 and enclosed his original complaint therein. (ECF No. 1.) Judge Mahan screened the original complaint and dismissed it in its entirety, with leave to amend. (ECF No. 3 at 5.)

Brothers filed his First Amended Complaint ("FAC") on March 28, 2018, and it is the operative complaint in this matter. (ECF No. 5.) Judge Mahan screened the FAC and ordered that Brothers's sole claim proceed against defendants Neven and Aranas. (ECF No. 6 at 8.) Judge Mahan further ordered that Williams be dismissed from this action without prejudice. (*Id.* at 9.) Subsequently, this Court granted Brothers's application for leave to proceed in forma pauperis under 28 U.S.C. § 1915. (ECF No. 13 at 2.)

The State of Nevada accepted service on behalf of Neven but declined to accept service on behalf of Aranas. (ECF No. 14.) Instead, the State of Nevada filed, under seal, Aranas's last known address. (ECF No. 15.)

Several motions followed. Neven filed a motion to dismiss Brothers's FAC on July 10, 2019. (ECF No. 19.) Brothers filed a response on July 19, 2019 (ECF No. 24) and Neven filed a reply on August 5, 2019 (ECF No. 29).

Brothers filed his motion for issuance of summons on July 10, 2019, and it remains unopposed. (ECF No. 17.) Brothers filed a motion for production of documents on July 2, 2019. (ECF No. 18.) Neven, in turn, filed a motion to strike Brothers's motion for production of documents, and Brothers did not file a response. (ECF No. 22.)

Also on July 22, Brothers filed a motion for leave to file a SAC. (ECF No. 23.) Neven filed an opposition to that motion on August 5, 2019, and Brothers did not file a reply. (ECF No. 30.)

Finally, Brothers filed a motion for summary judgment on July 29, 2019. (ECF No. 25.) Neven filed an opposition on August 19, 2019 (ECF No. 31) and Brothers filed a reply on August 30, 2019 (ECF No. 32).

**II.    ECF NOS. 23, 24, 25, 29, AND 30.**

The Court will order that the Clerk of Court strike ECF Nos. 23, 24, 25, 29, and 30 from the record because they do not comply with the Local Rules. Both parties are admonished that all future filings must comply with the Local Rules.

The Local Rules provide that a litigant must file a separate document "[f]or each type of relief requested or purpose of the document." LR IC 2-2(b). At ECF Nos. 23, 24, and 25, Brothers filed a single document containing his: (1) motion for leave to file a SAC; (2) opposition to Neven's motion to dismiss; and (3) motion for summary judgment. Similarly, at ECF Nos. 29 and 30, Neven filed a single document containing his: (i) reply in support of his motion to dismiss; and (ii) opposition to Brothers's motion for leave to file a SAC. Thus, ECF Nos. 23, 24, 25, 29, and 30 violate the Local Rules because they each contain a single document seeking more than one discrete

request for relief. Those filings, therefore, will be struck from the record. *See* LR IC 7-1 ("The court may strike documents that do not comply with these rules.").

Additionally, because ECF Nos. 31 and 32 are responsive to Brothers's motion for summary judgment (ECF No. 25), the Court will order that those filings be likewise struck from the record. If Brothers chooses to re-file his motion for summary judgment, Neven is instructed to re-file his opposition to that motion.

The Court will further order that if Brothers intends to re-file the requests for relief that he sought at ECF Nos. 23, 24, and 25, he must do so within 14 days of this order and ensure that his filings comport with the Local Rules.[1] Further, the Court will order that if the parties intend to oppose any of the re-filed requests for relief, they must adhere to the deadlines imposed by the Local Rules. *See* LR 7-2(b).

Relatedly, the Local Rules provide a 14-day deadline to respond to a motion to dismiss. *See* LR 7-2(b). Neven filed a motion to dismiss Brothers's FAC on July 10, 2019. (ECF No. 19.) Brothers's opposition—although defective under LR IC 2-2(b)—is timely under LR 7-2(b) because it was filed only nine days after Neven effected service of his motion. (ECF No. 24.) Therefore, if Brothers re-files his opposition to Neven's motion to dismiss within the 14-day deadline ordered by the Court, the Court will, in the interests of justice, deem that opposition as timely filed. *See* LR IA 1-4 ("The court may sua sponte or on motion change, dispense with, or waive these rules if the interests of justice so require.").

**III. NEVEN'S MOTION TO STRIKE ECF NO. 18 (ECF NO. 22).**

The Court will grant Neven's motion (ECF No. 22) to strike Brothers's motion for production of documents (ECF No. 18). Local Rule 26-8 provides that unless the Court orders otherwise, discovery requests "must not be filed with the court." LR 26-8. At ECF No. 18, Brothers filed his first request for production of documents. Thus, ECF No. 18 violates LR 26-8 and it will

---

[1] To comply with the local rules, Brothers should have filed three separate documents, each containing a single request for relief and its accompanying authorities and arguments. *See* LR IC 2-2(b). For example, Brothers's motion for leave to file a SAC should be in its own document and it should be crafted to address only that request for relief.

therefore be struck from the record. *See* LR IC 7-1. Brothers is instructed that a request for production of documents is a discovery request that must be served directly onto the adverse party in accordance with FED. R. CIV. P. 34(a), but only once discovery has opened on this matter. Further, Brothers is admonished to read—and ensure that all future filings comport with—the Federal Rules of Civil Procedure.

**IV. BROTHERS'S MOTION FOR ISSUANCE OF SUMMONS (ECF NO. 17).**

Brothers requests that this Court issue a summons "to serve defendant Romeo Aranas." (ECF No. 17 at 2.) The Court construes Brothers's motion as a motion for issuance of summons and to effect service of process upon Aranas.

When a party proceeds in forma pauperis, the Court "shall issue and serve all process." 28 U.S.C. § 1915(d); *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990) ("a party proceeding in forma pauperis is entitled to have the summons and complaint served by the U.S. Marshal.").[2] Here, given that Brothers proceeds in forma pauperis, he is entitled to have the summons and complaint served by the U.S. Marshal. However, because Brothers intends to seek leave to file a SAC, the Court will deny his motion without prejudice. Brothers will be instructed to re-file his motion for issuance of summons and to effect service of process once the Court rules on his forthcoming motion for leave to file a SAC.

**V. CONCLUSION**

IT IS THEREFORE ORDERED that the Clerk of Court strike ECF Nos. 23, 24, 25, 29, 30, 31, and 32 from the record.

IT IS FURTHER ORDERED that if Brothers intends to re-file the requests for relief sought at ECF Nos. 23, 24, and 25, then he must do so within 14 days of this order and he must ensure that his filings comply with the Local Rules.

IT IS FURTHER ORDERED that if the parties intend to oppose any of the re-filed requests for relief, they must adhere to the deadlines imposed by the Local Rules.

---

[2] Section 1915(d) dovetails with Rule 4, which provides that upon the request of a plaintiff authorized to proceed in forma pauperis, the Court "must" order "that service be made by a United States marshal or deputy or by a person specifically appointed by the court." FED. R. CIV. P. 4(c)(3).

IT IS FURTHER ORDERED that Neven's motion to strike Brothers's motion for production of documents (ECF No. 22) is GRANTED. The Clerk of Court is ORDERED to strike ECF No. 18 from the record.

IT IS FURTHER ORDERED that Brothers's motion for issuance of summons (ECF No. 17) is DENIED without prejudice. Brothers is instructed to re-file his motion for issuance of summons once the Court rules on his forthcoming motion for leave to file a SAC.

DATED: January 14, 2020

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE