# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TERRANCE D. BROTHERS, | Case No. 2:17-cv-00641-JCM-BNW |
| Plaintiff, | |
| v. | **OMNIBUS ORDER** |
| DWIGHT NEVEN, R. ARANAS & BRIAN WILLIAMS, | |
| Defendants. | |

Presently before the Court are plaintiff Terrance D. Brothers's: motion for issuance of summons (ECF No. 17); motion for production of documents (ECF No. 18); and motion to file second amended complaint ("SAC") (ECF No. 23). Also before the Court is defendant Dwight Neven's motion to strike ECF No. 18 (ECF No. 22).

**I.  BACKGROUND**

Brothers filed his application for leave to proceed in forma pauperis on March 1, 2017 and enclosed his original complaint therein. (ECF No. 1.) Judge Mahan screened the original complaint and dismissed it in its entirety, with leave to amend. (ECF No. 3 at 5.)

Brothers filed his First Amended Complaint ("FAC") on March 28, 2018. (ECF No. 5.) Judge Mahan screened the FAC and ordered that Brothers's sole claim proceed against defendants Neven and Aranas. (ECF No. 6 at 8.) Judge Mahan further ordered that Williams be dismissed from this action without prejudice. (*Id.* at 9.) Subsequently, this Court granted Brothers's application for leave to proceed in forma pauperis under 28 U.S.C. § 1915. (ECF No. 13 at 2.)

The State of Nevada accepted service on behalf of Neven but declined to accept service on behalf of Aranas. (ECF No. 14.) Instead, the State of Nevada filed, under seal, Aranas's last known address. (ECF No. 15.)

Several motions followed. Brothers filed his motion for issuance of summons on July 10, 2019, and it remains unopposed. (ECF No. 17.) Brothers also filed a motion for production of documents on July 2, 2019. (ECF No. 18.) Neven, in turn, filed a motion to strike Brothers's motion for production of documents, and Brothers did not file a response. (ECF No. 22.)

On July 22, 2019, Brothers filed a motion for leave to file a SAC. (ECF No. 23.) Judge Mahan, on January 15, 2020, issued an order screening Brothers's FAC. (ECF No 46.) Judge Mahan dismissed the FAC and granted Brothers leave to amend. (*Id.* at 6.)

## II.   MOTION TO FILE A SAC (ECF NO. 23).

Given Judge Mahan's order dismissing Brothers's FAC and granting leave to amend (*id.*), Brothers's motion for leave to file a SAC is moot. The Court will, therefore, deny the motion.

## III.  NEVEN'S MOTION TO STRIKE ECF NO. 18 (ECF NO. 22).

The Court will grant Neven's motion (ECF No. 22) to strike Brothers's motion for production of documents (ECF No. 18). Local Rule 26-8 provides that unless the Court orders otherwise, discovery requests "must not be filed with the court." LR 26-8. At ECF No. 18, Brothers filed his first request for production of documents. Thus, ECF No. 18 violates LR 26-8 and it will therefore be struck from the record. *See* LR IC 7-1 ("The court may strike documents that do not comply with these rules."). Brothers is instructed that a request for production of documents is a discovery request that must be served directly onto the adverse party in accordance with FED. R. CIV. P. 34(a), but only once discovery has opened on this matter. Further, Brothers is admonished to read—and ensure that all future filings comport with—the Federal Rules of Civil Procedure.

## IV.   BROTHERS'S MOTION FOR ISSUANCE OF SUMMONS (ECF NO. 17).

Brothers requests that this Court issue a summons "to serve defendant Romeo Aranas." (ECF No. 17 at 2.) The Court construes Brothers's motion as a motion for issuance of summons and to effect service of process upon Aranas.

When a party proceeds in forma pauperis, the Court "shall issue and serve all process." 28 U.S.C. § 1915(d); *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990) ("a party proceeding in

forma pauperis is entitled to have the summons and complaint served by the U.S. Marshal.").[1] Here, given that Brothers proceeds in forma pauperis, he is entitled to have the summons and complaint served by the U.S. Marshal. However, because Brothers intends to file a SAC, the Court will deny his motion without prejudice. Brothers will be instructed to re-file his motion for issuance of summons and to effect service of process once he files his SAC.

## V. CONCLUSION

IT IS THEREFORE ORDERED that Brothers's motion for leave to file a SAC (ECF No. 23) is DENIED as moot.

IT IS FURTHER ORDERED that Neven's motion to strike Brothers's motion for production of documents (ECF No. 22) is GRANTED. The Clerk of Court is ORDERED to strike ECF No. 18 from the record.

IT IS FURTHER ORDERED that Brothers's motion for issuance of summons (ECF No. 17) is DENIED without prejudice. Brothers is instructed to re-file his motion for issuance of summons once he files his SAC.

DATED: January 21, 2020

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

[1] Section 1915(d) dovetails with Rule 4, which provides that upon the request of a plaintiff authorized to proceed in forma pauperis, the Court "must" order "that service be made by a United States marshal or deputy or by a person specifically appointed by the court." FED. R. CIV. P. 4(c)(3).