UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TERRANCE D. BROTHERS, | Case No. 2:17-CV-641 JCM (BNW) |
| Plaintiff(s), | ORDER |
| v. | |
| DSWIGHT NEVEN, et al., | |
| Defendant(s). | |

Presently before the court is defendants Dwight Neven and Romeo Aranas's (collectively "defendants") motion to stay the case pending determination on defendants' motion for screening. (ECF No. 53). Plaintiff responded, (ECF No. 56), and defendants filed no reply.

Also before the court is defendants' motion to strike plaintiff's letter on the docket. (ECF No. 51). Plaintiff responded, (ECF No. 54), and defendants replied, (ECF No. 55).

**I.    Facts**

On March 1, 2017, Plaintiff filed a civil right complaint, (ECF No. 1), which this court screened and dismissed without prejudice for plaintiff's failure to adequately allege a claim, (ECF No. 3).

On March 28, 2018, Plaintiff filed his first amended complaint, (ECF No. 5), which this court also screened, (ECF No. 6). This court allowed a single claim for deliberate indifference to proceed against defendants. (*Id.*). Defendants filed a motion to dismiss the remaining claim of the first amended complaint, (ECF No. 19), which this court granted, (ECF No. 26).

On January 30, 2020, plaintiff filed his second amended complaint ("SAC"). (ECF No. 49). Plaintiff then submitted a letter to this court, alleging that defendant Neven is now a warden

**James C. Mahan**
**U.S. District Judge**

in Carson City and that plaintiff "truly believe[s]" he is interfering with his legal mail.  (ECF No. 50).

Defendants moved to screen plaintiff's SAC.  (ECF No. 52).  Defendants also filed the instant motions to strike plaintiff's letter and stay the case until plaintiff's SAC is screened.  (ECF Nos. 51 & 53).

## II.     Legal Standard

### A.  Stay Proceedings

A stay of proceedings, though not expressly provided for by the Federal Rules of Civil Procedure, is an inherent authority under this court's general equity powers and in the efficient management of their dockets.

In determining whether to grant a motion to stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed."  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).  These interests include: 1) possible damage that may result from a stay, 2) any hardship or inequity a party may suffer in being required to go forward, and 3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.  *Id.*

The moving party bears the burden of proving that a stay is warranted.  *American Honda Motor Co. v. The Coast Distribution System*, 2007 WL 672521, at *1 (N.D. Cal. Feb. 26, 2007) (citing *Clinton v. Jones*, 520 U.S. 681, 708 (1997)).  The moving party "must make out a clear case of hardship or inequity in being required to go forward."  *Lockyer*, 398 F.3d at 1109; *see Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

### B.  Strike Correspondence

Per the local rules of this court, pro se litigants "must not send case-related correspondence, such as letters, . . . to the court."  LR IA 7-1(b).  A court may "strike any case-related correspondence filed in the court's docket that is not styled as a motion, stipulation, or notice." *Id.*

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

### III. Discussion

Plaintiffs filed the instant motion to stay, arguing that the parties should not expend resources on this case until the SAC is screened by this court. (ECF No. 53). Plaintiff responds that the delay is unnecessary, because the SAC "was only amended in the capacity in which to sue." (ECF No. 56).

A stay is warranted on these facts. A stay until the SAC is screened will conserve the resources of all parties until the contours of this matter are clarified by this court, and ensure a just, speedy, and inexpensive determination of the issues. No harms are argued by plaintiff due to the stay. (*Id.*). Indeed, his medical issues were resolved. (ECF No. 46). The foregoing reasons indicate that all three interests favor granting a stay until the SAC is screened. *See Lockyer*, 398 F.3d at 1110.

Finally, per Local Rule IA 7-1(b), this court strikes plaintiff's letter. (ECF No. 50). This court will not opine on the truth or falsity of defendant's letter.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to stay (ECF No. 53) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants' motion to strike (ECF No. 51) be, and same hereby is, GRANTED.

DATED June 26, 2020.

_____
UNITED STATES DISTRICT JUDGE