**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Terrance D. Brothers,<br><br>            Plaintiff,<br><br>     v.<br><br>Dwight Neven, et al.,<br><br>            Defendants. | Case No. 2:17-cv-00641-JCM-BNW<br><br>**ORDER** |

Presently before the Court is Defendants' motion for screening of Plaintiff's Second Amended Complaint ("SAC"). (ECF No. 52.) Plaintiff did not respond to this motion.

**I.    BACKGROUND**

Brothers filed his application for leave to proceed *in forma pauperis* on March 1, 2017 and enclosed his original complaint therein. (ECF No. 1.) Subsequently, this Court granted Brothers' application for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. (ECF No. 13 at 2.)

The Court screened the original complaint and dismissed it in its entirety, with leave to amend. (ECF No. 3 at 5.) The issue with Plaintiff's original complaint was that he sued several "supervisory-defendants" (based on their deliberate indifference to his serious medical needs) but had not alleged that these defendants actually knew about Plaintiff's medical issues, as required by Ninth Circuit law. (*Id.*)

Plaintiff filed his First Amended Complaint ("FAC") on March 28, 2018. (ECF No. 5.) The Court again screened the FAC and allowed Brothers' sole deliberate indifference claim against defendants Neven and Aranas to proceed. (ECF No. 6 at 8.) The Court further ordered that Defendant Williams be dismissed from this action without prejudice. (*Id.* at 9.)

Neven then filed a motion to dismiss Brothers' FAC on July 10, 2019. (ECF No. 19.) The Court granted this motion, in part, because Plaintiff improperly attempted to sue Neven in his official capacity for monetary damages. (ECF No. 49 at 5-6.) But the Court gave Plaintiff leave to amend his complaint, which he did by filing a SAC. (*See* ECF No. 49.)

Defendants now move the Court to screen this SAC. (ECF No. 52.) Defendants assert that "[p]ursuant to the PLRA, courts must screen any complaint filed by a prisoner." (*Id.* at 1.) Defendants cite no controlling authority for this proposition, and the Court has not found any either. There is, however, persuasive authority in the Ninth Circuit that provides that this Court is *not* required to screen every amended complaint a litigant files. *See, e.g.*, *Olausen v. Murguia*, No. 3:13-CV-00388-MMD, 2014 WL 6065622, at *3 (D. Nev. Nov. 12, 2014) ("[T]he screening provision does not require a court, either explicitly or implicitly, to screen every time a plaintiff seeks to amend the complaint."). This makes sense; when defendants file a responsive pleading, such as a motion to dismiss, the need for screening is obviated. *See, e.g., Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (noting that the purpose of Section 1915 is to ensure that "the targets of frivolous or malicious suits need not bear the expense of responding"). Accordingly, the Court is not required to screen Plaintiff's SAC in this case. However, in its discretion, the Court will grant Defendants' motion (ECF No. 52) and screen Plaintiff's SAC.

## II.     SCREENING

Plaintiff's SAC is a one-count complaint, alleging that Defendants Neven and Aranas violated the Eighth Amendment by being deliberately indifferent to Plaintiff's serious medical needs. (ECF No. 49.) The factual allegations contained in Plaintiff's SAC are substantially similar to those contained in his FAC, and the Court will not repeat them here. (*See* ECF Nos. 5, 49.) And, just as the Court found that these factual allegations were sufficient to state a deliberate indifference claim in his FAC (ECF No. 6 at 8), the Court finds that they are also sufficient to state a claim in his SAC.

However, in Plaintiff's SAC, he impermissibly sues both Defendants in their official and personal capacities and seeks monetary damages only. (*See* ECF No. 49 at 2, 17.) As the Court previously held in its order on Defendant's motion to dismiss, these Defendants may not be sued

in their official capacities for monetary damages. (ECF No. 46 at 5-6 (*citing Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983.")).) But they may be sued in their individual capacities for monetary damages. *See Cerrato v. San Francisco Cmty. Coll. Dist.*, 26 F.3d 968, 973 (9th Cir. 1994) (persons may be sued in their individual capacities under Section 1983 for monetary damages). Accordingly, Plaintiff may not proceed with his claims against Defendants in their official capacities but may proceed against Defendants in their individual capacities.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Defendants' motion for screening of Plaintiff's Second Amended Complaint (ECF No. 52) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Neven and Aranas in their personal capacities may proceed.

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Neven and Aranas in their official capacities are dismissed.

DATED: August 21, 2020

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE