AARON D. FORD
 Attorney General
KATLYN M. BRADY (Bar No. 14173)
 Senior Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
(702) 486-0661 (phone)
(702) 486-3773 (fax)
Email: katlynbrady@ag.nv.gov

*Attorneys for Defendant Dwight Neven
And Romeo Aranas*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TERRANCE D. BROTHERS,<br><br>Plaintiff,<br><br>vs.<br><br>DWIGHT NEVEN, *et al.*,<br><br>Defendants. | Case No. 2:17-cv-00641-JCM-BNW<br><br>**DEFENDANTS' UNOPPOSED MOTION TO EXTEND THE DISPOSITIVE MOTION DEADLINE<br>(FIRST REQUEST)** |

Defendants Dwight Neven and Romeo Aranas, by and through counsel, Aaron D. Ford, Attorney General for the State of Nevada, and Katlyn M. Brady, Senior Deputy Attorney General, request this Court grant Defendants' unopposed motion to extend the dispositive motion deadline from January 8, 2021, to February 8, 2021.

**I.   INTRODUCTION**

Defendants respectfully request this Court extend the dispositive motion deadline from **January 8, 2021, to February 8, 2021**. Good cause exists to extend the dispositive motion deadline because Defendants' counsel has a dispositive motion due in another matter on January 8, 2021. Despite working on both motions, counsel is unable to complete

Page **1** of **5**

both motions for summary judgment on January 8, 2021. Further, this motion is unopposed and there will be no prejudice to Plaintiff by granting this request.

## II. BACKGROUND

On March 1, 2017, Plaintiff filed a civil right complaint. ECF No. 1-1. On Mach 3, 2018, this Court issued a screening order that dismissed the Complaint without prejudice based on Plaintiff's failure to adequately allege a claim. ECF No. 3 at 6:19-28.

On March 28, 2018, Plaintiff filed the First Amended Complaint. ECF No. 5. On February 7, 2019, this Court issued a screening order on the Second Amended Complaint. ECF No. 6. This Court allowed a single claim for deliberate indifference to proceed against Warden Neven and former Medical Director Romeo Aranas. *Id.* at 8:24-27. However, this Court dismissed Warden Brian Williams from the First Amended Complaint. *Id.* at 9:1-3.

On July 10, 2019, Warden Neven[1] moved to dismiss the First Amended Complaint. ECF No. 19. On January 15, 2020, this Court granted Warden Neven's motion to dismiss in its entirety and dismissed Warden Neven from this action. ECF No. 46.[2] However, this Court granted Plaintiff leave to amend. *Id.*

On January 30, 2020, Plaintiff Filed the Second Amended Complaint. ECF No. 49. Plaintiff re-alleged the allegations against Warden Neven. *See id.*

The parties then proceeded to discovery on the remaining claims. Discovery has since closed in this matter.

On December 30, 2020, counsel and Plaintiff engaged in a telephonic meet and confer to discuss this matter. Declaration of counsel attached as Exhibit A. During the phone call, counsel explained that she was unable to complete the dispositive motion deadline in this matter, as she had a second motion for summary judgment due in another case on the same day.[3] *Id.* Plaintiff agreed to provide a thirty (30) day extension. Further, Plaintiff agreed that Defendants could title the motion to extend as unopposed. *Id.*

---

[1] Dr. Aranas was not served until after Warden Neven filed the motion to dismiss.
[2] The order was titled Screening Order on Amended Complaint. ECF No. 46. However, the text of the order demonstrates it is a ruling on the motion to dismiss and not a screening order. *See id.* at 1:15-17 (noting the Court is deciding a motion to dismiss).
[3] The other matter is case no: 2:19-cv-00326-JAD-BNW.

### III. LEGAL ARGUMENT

Defendants provide the following information in accordance with Local Rule 26-4.

#### A. Discovery Completed

The parties have completed the following discovery to date:

Plaintiff's Second Request for Production of Documents.

Plaintiff's First Set of Admissions to Romeo Aranas.

Plaintiff's First Set of Interrogatories to Defendant Aranas.

Defendants' Initial Disclosures.

Plaintiff's First Set of Interrogatories to Dwight Neven.

Plaintiff's First Request for Production of Documents.

Defendants' First Request for Admission to Dwight Neven.

#### B. Discovery That Remains To Be Completed

No additional discovery is needed in this matter. The remaining case management deadlines are:

Dispositive motion deadline:                                              January 8, 2021

Joint pretrial order (if no dispositive motions filed):         February 8, 2021

#### C. Reasons Why The Deadlines Were Not Satisfied

The dispositive motion deadline was not completed for two primary reasons. **First**, counsel has a second motion for summary judgment due on January 8, 2021. Although counsel has attempted to work on both motions, counsel was unable to complete the dispositive motion in this matter.

**Second**, counsel has suffered several technological difficulties that have prevented her from completing both motions. Namely, counsel was erroneously locked out of her work station for several days, due to a credential issue. Further, the remote network required to access case files has experienced significant volatility, which severely affects counsel's ability to access any case files. Despite working on the weekends, in the hopes that the network would be more stable due to a decrease in traffic, counsel has been unable to complete the dispositive motion deadline in this matter.

**D.     Proposed Deadlines**

Dispositive motion deadline                                          February 8, 2021

Joint pretrial order (if no dispositive motions filed):      March 10, 2021

**E.     Good Cause Supports The Request**

Good cause supports granting this unopposed request to extend the dispositive motion deadline. Due to counsel's caseload, and numerous technological issues, counsel has been unable to complete the dipositive motion deadline in this matter. It is currently unknown, when, or if, the technological issues will be resolved. Thus, despite having an initial draft, counsel seeks this extension to ensure the motion for summary judgment is completed. This Motion is brought in good faith and not to cause unnecessary delay.

Further, there will be no prejudice in granting this extension. Counsel confirmed that Plaintiff does not oppose this extension. As there is no trial date, this extension will not require an extension of any trial deadlines.

**IV.    CONCLUSION**

Defendants respectfully request an extension to complete the dispositive motion deadline. The parties have agreed to this extension due to counsel's workload and the significant technological issues caused by remote access.

DATED this 4th day of January, 2021.

AARON D. FORD
Attorney General

By: /s/ Katlyn M. Brady
KATLYN M. BRADY (Bar No. 14173)
Senior Deputy Attorney General

*Attorneys for Defendants*

**IT IS SO ORDERED**

**DATED:** 12:34 pm, January 06, 2021

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**