# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Terrance D. Brothers, | Case No. 2:17-cv-00641-JCM-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Dwight Neven, et al., | |
| Defendants. | |

Defendants Dwight Neven and Romeo Aranas move to file Exhibit A to their motion for summary judgment under seal. ECF No. 78. The sealed exhibit is filed at ECF No. 79. Plaintiff has not opposed this request, and Defendants meet the compelling reason standard for sealing Exhibit A. Accordingly, this Court grants Defendants' motion.

**<u>Analysis</u>**

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178-79 (alteration and internal quotation marks and citations omitted). The Ninth Circuit has further held that the full presumption of public access applies to technically non-dispositive motions and attached

documents as well if the motion is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

A compelling reason may exist to seal a judicial record when such court files might become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Kamakana*, 447 F.3d at 1179 (quotation omitted). However, avoiding a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Id.*

Defendants seek to seal Exhibit A to their motion for summary judgment, as it contains portions of Plaintiff's medical records, including diagnoses, treatment plans, and other communications about Plaintiff's medical condition. Given this is an exhibit to a dispositive motion, Defendants must show compelling reasons to overcome the presumption that this filing should be publicly accessible.

The Court notes that medical records are deemed confidential under the Health Insurance Portability and Accountability Act of 1996. *See Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007). Thus, this Court finds that medical privacy is a "compelling reason," for sealing records. *See also San Ramon Regional Med. Ctr., Inc. v. Principal Life Ins. Co.*, 2011 WL89931, at *n. 1 (N.D.Cal. Jan. 10, 2011).

**IT IS THEREFORE ORDERED** that Defendants' motion to seal (ECF No. 78) is GRANTED.

**IT IS FURTHER ORDERED** that the hearing on this motion set for May 6, 2021 is VACATED.

DATED: April 27, 2021

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE